

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 10, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Joseph Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Judge Caproni:

    We write in response to the Court's order dated January 25, 2017, requiring that the Government update the Court weekly with regard to the status of discovery in the above-captioned matter. In addition, we write in response to the Court's order dated February 8, 2017, which directed the Government to include in its weekly discovery update a response to "the Defendant's concerns" raised in the Defendants' letter dated February 7, 2017 (the "Defendants' February 7 Letter").

## I. Discovery Produced to Date

    In its February 3, 2017 discovery status letter, the Government advised that, of the discovery material referenced at the initial pretrial conference, approximately 68,456 pages (out of approximately 1,830,000) were left to be produced. The Government expects to produce the remaining discovery on the schedule outlined in that letter – 63,350 pages will available to order from our discovery vendor on or about February 15, 2017, with the remaining available by February 28, 2017.

    The Government's investigation is ongoing, and the Government expects to receive, and will continue to produce on a rolling basis, additional discovery subject to Rule 16 of the Federal Rules of Criminal Procedure. Since the date of our first court conference, the Government has obtained approximately 18.5 GB of additional documents subject to Rule 16 discovery. Consistent with our practice, we began processing these materials for production upon receipt. We remain on the schedule outlined in our previous letter, expecting to produce approximately 8,328 pages of those documents no later than March 5, 2017. An additional approximately 8,000 pages was sent to be processed for production on February 3, 2017, and the remainder was sent for processing on February 8, 2017. The Government will continue to produce these documents promptly as they become available for production.

## II. Potentially Privileged Materials

### A. *The Third Party Email Account*

In a footnote to the Government's February 3 Letter, the Government alerted the Court that the Government had recently produced to all defendants a set of emails from an email account that contained potentially privileged communications. In the letter, we noted that we were working with the defendants to ensure that the potentially privileged emails were segregated from review. As described below, we have provided defendants with the Bates ranges of the potentially privileged emails such that the defendants are now able to continue their review of the contents of the email account without accessing potentially privileged materials.

The Government detailed the circumstances surrounding the Government's inadvertent production of the potentially privileged emails in a separate communication with counsel for all defendants dated February 3, 2017 (the "February 3 Communication"). In particular, the Government identified the email account as belonging to an uncharged third party (the "Third Party Email Account" and the "Third Party," respectively),[1] and explained that the issue came to light on February 1, 2017 when an investigator on the prosecution team (the "Investigator") identified a potentially privileged communication in the set of emails from the Third Party Email Account that had been produced. As the Government has separately explained to the defendants, the Government immediately ceased its review of the Third Party Email Account,[2] obtained from the Third Party's counsel a list of individuals who may have had privileged communications with the Third Party, and asked an Assistant U.S. Attorney who is not on the prosecution team (the "Wall Assistant") to segregate from the Third Party Email Account potentially privileged communications with those individuals. The Wall Assistant is in the process of providing potentially privileged emails to counsel for the Third Party for a prompt privilege review.[3] In the meantime, Government has provided the defendants with the Bates numbers for the potentially privileged emails so the defendants could exclude those communications from their databases while they continue to review the remaining emails in the Third Party Email Account.

The Defendants' February 7 Letter indicates that the defendants may move to preclude the Investigator from the prosecution team. There is no legal basis for such a motion. The Investigator's brief and non-substantive viewing of a single potentially privileged communications of a non-defendant third party does not violate any of the defendants' rights. Any attorney-client privilege associated with the Third Party Email Account belongs not to the defendants, but to the uncharged Third Party. Because the defendants have no interest in the Third Party's privilege, *see In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) (attorney-client privilege "belongs solely to the

---

[1] The Government obtained emails contained in the Third Party Email Account pursuant to a search warrant authorized by a United States Magistrate Judge for the Southern District of New York.

[2] The defendants also agreed to temporarily cease review of the Third Party Email Account pending the Government's proposed resolution.

[3] The Government advised the defendants on February 9, 2017 that the Third Party's counsel would be conducting a review of 8,882 emails and attachments identified by the Third Party's counsel and the Wall Assistant.

client"), they have no standing to assert that privilege. *See, e.g.*, *In re Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) ("[the attorney-client privilege] can be asserted only by the client (or one authorized to do so on the client's behalf)"); *Henderson* v. *United States*, 815 F.2d 1189, 1192 (8th Cir. 1987) ("The evidence clearly established that [the defendant] was never [the attorney-witness's] client and, therefore, [the defendant] lacks standing to object to [the attorney-witness's] testimony on the basis of attorney-client privilege."); *United States* v. *De Lillo*, 448 F. Supp. 840, 841 (E.D.N.Y. 1978) (ruling that the defendant, who was a former trustee of a fund, "no longer ha[d] standing to claim the attorney-client privilege for communications pertaining to the fund's business"). Nor do the defendants have any claim that the Investigator's limited and inadvertent exposure to the Third Party's potentially privileged communication infringed on their right to freely consult with their respective counsel, or their right to due process. Notably, the Defendants' February 7 Letter does not articulate how the defendants have been harmed. As a result, the defendants have no claim with respect to any potentially privileged emails in the Third Party Email Account. *See United States* v. *Schwimmer*, 924 F.2d 443, 444-47 (2d Cir. 1991) (requiring a showing of prejudice even where the Government intentionally intruded on the defendant's Sixth Amendment rights); *see also United States* v. *Agajanian*, 852 F.2d 56, 58 (2d Cir. 1988) (the Fifth Amendment "privilege against self-incrimination is personal, and a defendant may not assert the rights of a witness" (internal citations omitted)); *United States* v. *Triana-Mateus*, 2002 WL 562649, at *3 (S.D.N.Y. 2002) ("A defendant has no right to exclude evidence as violative of his Fourth Amendment rights unless the rights violated were his own."). Accordingly, the suggestion in the Defendants' February 7 Letter that the Investigator may be tainted is meritless and no further action is warranted.

### B. *Additional Potentially Privileged Materials*

As the Government explained in its February 3, 2017 discovery status letter, the Wall Assistant is working with counsel for the defendants and counsel for other individuals whose emails were withheld from production as potentially privileged to determine if any additional emails can be released and to obtain privilege logs. To date, counsel for four of the six individuals whose emails were withheld have received a copy of the potentially privileged emails. Counsel for two of those individuals, who are not defendants in this case, expect to provide a privilege log by February 16, 2017. Counsel for defendants Kaloyeros and Percoco have asked for additional time to process and review their withheld emails before advising on a timeline for a privilege log. The Government is preparing a copy of the potentially privileged emails for counsel to the Third Party and the other non-defendant individual. Counsel to the

other non-defendant individual has already identified certain emails that can be released, and will expeditiously prepare a privilege log for the remaining emails upon receipt of a copy of the potentially privileged set.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

                              By: /s Janis Echenberg
                                        Janis Echenberg/Robert Boone/
                                        David Zhou/Matthew Podolsky
                                        Assistant United States Attorneys
                                        (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)