# EXHIBIT B

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 10, 2017

**BY EMAIL**

Michael C. Miller, Esq.
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, New York 10036

      Re:    *United States* v. *Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Mr. Miller:

      We write in response to your letter of April 28, 2017, in which you request a bill of particulars in the above-captioned matter. As you are aware, the Government outlined its charges against your client in a lengthy and detailed complaint (16 Mag. 6005 (the "Complaint")) and indictment (16 Cr. 776 (VEC) (the "Indictment")). In addition, the Government has produced to date extensive discovery, all in searchable electronic form and accompanied by a detailed index. Accordingly, the defendants have been provided with adequate notice of the charges against them, and no further particulars are required.

      "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States* v. *Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quotations marks and citation omitted); *see also, e.g.*, *United States* v. *Mahabub*, No. 13 Cr. 908 (AJN), 2014 WL 4243657, at *2 (S.D.N.Y. Aug. 26, 2014) (same); *United States* v. *Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) (same). "Acquisition of evidentiary details is not the function of the bill of particulars." *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States* v. *Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).

      Nor may a bill of particulars be used as a general investigative tool. "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." *United States* v. *Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985); *see also, e.g.*, *United States* v. *Sindone*, No. 01 Cr. 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (a defendant may not "use a bill of particulars to preview the government's evidence or trial strategy, or to require the government to specify the minutiae of how it will prove the charges." (citations omitted)); *United States* v. *Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (A bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case.").

Here, the detailed 79-page Complaint and 35-page Indictment, along with the production of extensive discovery, in electronic form and accompanied by a detailed index, provide more than sufficient information about the charges against your client.

Furthermore, to the extent that your requests seek information regarding potential witnesses and/or indicted or unindicted co-conspirators or aiders and abettors (*see* Request 6(b)), the Government is not required to provide such information at this time. *See, e.g.*, *United States* v. *D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) ("'A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.'" (quoting *United States* v. *Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001))); *United States* v. *Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."); *United States* v. *Fruchter*, 104 F. Supp. 2d 289, 313 (S.D.N.Y. 2000) (denying "Defendants' request for names of all aiders, abettors, unindicted co-conspirators, and confidential informants" as "nothing more than a request for a witness list"); *see also* Fed. R. Crim. P. 16.

In your remaining requests, you seek numerous, specific details about what the Government intends to prove at trial, which again amount to requests for a detailed preview of the Government's case and its legal theories. The Government is not required to disclose at this juncture the way in which it will attempt to prove the charges or the precise manner in which the defendant committed the charged crimes, nor must the Government provide a preview of the evidence or legal theories it intends to present at trial. *See, e.g.*, *United States* v. *Castro*, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at *2 (S.D.N.Y. Nov. 25, 2008) ("An indictment need not identify all alleged co-conspirators, nor specify the nature, time and place of every overt act the defendant or others allegedly took in furtherance of a conspiracy, nor must it set forth all the evidence the government intends to introduce."); *United States* v. *Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("What defendant seeks is in the nature of the 'wheres, whens and with whoms' that [c]ourts have held to be beyond the scope of a bill of particulars." (collecting cases)).

In particular, your request to "identify with particularity the wire transmissions in interstate and foreign commerce" (Request 6(c))—to the extent not already answered by the allegations contained in the Complaint and Indictment—is premature and, accordingly, would "unduly restrict the government's ability to present its case," *United States* v. *Booth*, No. 99 Cr. 378 (LBS), 1999 WL 1192317, at *8 (S.D.N.Y. Dec. 14, 1999); *see also United States* v. *Chalmers*, 410 F. Supp. 2d 278, 285 (S.D.N.Y. 2006) (denying motion for disclosure of all wire transmissions to be relied on at trial because "given the volume of documents in this case, it would be premature to require the Government to limit itself now to the specified acts of the Superseding Indictment or any additional acts it might be able to specify in a bill of particulars"). The Government agrees, however, to disclose a list of wire transmissions upon which it intends to rely sufficiently in advance of trial. *See Chalmers*, 410 F. Supp. 2d at 286 (denying motion for bill of particulars but ordering the Government "to identify, thirty days before the start of trial, . . . any allegedly unlawful transmissions and transactions, not already identified in the Superseding Indictment, that it will seek to prove at trial"); *cf. United States* v. *Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (ordering Government either to identify wire transmissions to be relied on at trial or explain why it should not so identify two and a half months prior to trial).

As to your remaining requests, the Government refers you to the Complaint, at paragraphs 21-22, 25, 27-28, 30-31, 67-88, and the Indictment, at paragraphs 3-16, 22-26, as well as the emails and documents referenced therein, which have been produced in discovery, which describe in extensive detail the nature and specifics of the conduct at issue in each of your requests.

The Government also refers you to the communications and records produced in discovery, including of Todd Howe, Alain Kaloyeros, Whiteman Osterman & Hanna LLP, COR Development, SUNY, the SUNY Research Foundation, Fort Schuyler Management Corporation, Empire State Development Corporation, SUNY Polytechnic Institute, LPCiminelli, the Office of the Governor of the State of New York, and the Andrew Cuomo 2014 and 2018 Campaigns, among others. *See, e.g.*, Bates ranges DUPECOOP01-08, -20-21; SDNY-SCANNED_000000001-627; SDNY_000132947-133347; SDNY_ SDNY_000298502-368073; SDNY_000681135-709559; SDNY_000712025-863079; SDNY_000863080-865692; SDNY_001091231-1110744; SDNY_001123932-1123933; SDNY_001134661-1145004; SDNY_001157047-1168614; SDNY_001203545-1203567; SDNY_001207203-1228904; FS_SDNY000001-180719; ESD-SDNY_0000001-102887; RFSUNY000001-513; SUNY_Poly_AUSASubp00000001-709; SUNY_Poly_SDNY_1_00000001-50; SUNYUSAO0000001-6437; CIMINELLI0000001-47061; OGNYS-BB-00000001-28128; AC000001-47753.

The foregoing information is by no means an exhaustive identification of potential information or evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests. By voluntarily providing this information as part of discovery, the Government is not limiting its evidence, arguments or legal theories at trial to what is set above.

If you would like to confer regarding your requests or any of the information in this letter, please let us know.

Very truly yours,

JOON H. KIM
Acting United States Attorney


By: ___/s/_____
Janis Echenberg/Robert Boone/
David Zhou/Matthew Podolsky
Assistant United States Attorneys
(212) 637-2597/2208/2438/1947