# EXHIBIT D

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 15, 2017

**BY EMAIL**

Michael Campion Miller, Esq.
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
mmiller@steptoe.com

Re:   *United States* v. *Joseph Percoco, et al.*, S1 16 Cr. 776 (VEC)

Dear Counsel:

We write in response to your letter, dated April 28, 2017, regarding discovery pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16") and *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. As we made clear at the initial pretrial conference on December 1, 2016, in our initial discovery letters to each of the defendants, and at the pretrial conference on April 6, 2016, the Government is aware of and has complied and will continue to comply in good faith with all of its discovery obligations. Of course, we recognize the continuing nature of our discovery obligations pursuant to Rule 16, and thus we have continued to produce discoverable materials collected in the ongoing investigation, and we will continue to do so. In addition, we continue to review the items produced to ensure that materials have not been inadvertently or erroneously omitted from production. Any such items will be produced without delay.

This letter addresses the numerous additional requests submitted by you, which are grouped topically and discussed below. We note that many of the requests you make were previously addressed in our March 23, 2017 and April 26, 2017 letters to defense counsel regarding various discovery requests. For your convenience, we have incorporated many of the responses from those letters into this letter. While we are not required to provide you with additional information regarding certain of your requests, we are providing any additional information below in an effort to aid in your review of the discovery and to assist you in preparing for trial. By voluntarily providing this information, the Government is not limiting its evidence, arguments or legal theories at trial to what is set forth below. This is by no means an exhaustive identification of potential evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests. If you have any questions or would like to confer further, please let us know.

**Request I – Statements of the Defendant.**  The Government is unaware of any statements made by the defendant that are discoverable pursuant to Rule 16(a)(1)(B). To the extent that the defendant requests statements made by others and attributed to the defendant, that request is addressed below.

**Request II – Documents and Tangible Objects.** The Government has produced and will continue to produce documents and objects discoverable pursuant to Rule 16(a)(1)(E). To the extent that the defendant is requesting an exhibit list or some other form of identification of items the Government intends to introduce in its case in chief at trial, the Government is amenable to discussing a reasonable pretrial schedule for the reciprocal exchange of various materials. However, we are not in a position to do so now (nor are we required to do so prior to trial, *see United States* v. *Prince*, 618 F.3d 551, 562 (6th Cir. 2010)). Similarly, the Government has no obligation at this time to disclose a list of its anticipated witnesses.

To the extent that the defendant seeks the specific wires upon which the Government intends to rely to prove any counts in the Superseding Indictment, this request is premature and, accordingly, would "unduly restrict the government's ability to present its case," *United States* v. *Booth*, No. 99 Cr. 378 (LBS), 1999 WL 1192317, at *8 (S.D.N.Y. Dec. 14, 1999); *see also United States* v. *Chalmers*, 410 F. Supp. 2d 278, 285 (S.D.N.Y. 2006) (denying motion for disclosure of all wire transmissions to be relied on at trial because "given the volume of documents in this case, it would be premature to require the Government to limit itself now to the specified acts of the Superseding Indictment or any additional acts it might be able to specify in a bill of particulars"). The Government agrees, however, to disclose a list of wire transmissions upon which it intends to rely sufficiently in advance of trial. *See Chalmers*, 410 F. Supp. 2d at 286 (denying motion for bill of particulars but ordering the Government "to identify, thirty days before the start of trial, . . . any allegedly unlawful transmissions and transactions, not already identified in the Superseding Indictment, that it will seek to prove at trial"); *cf. United States* v. *Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (ordering Government either to identify wire transmissions to be relied on at trial or explain why it should not so identify two and a half months prior to trial).

With respect to the defendant's various requests for grand jury materials, as the defendant is no doubt aware, disclosure of grand jury materials and information related to grand jury proceedings is permitted only when "ordered upon a showing of particularized need." *See United States* v. *Sells Engineering*, 463 U.S. 418, 443 (1983) ("[w]e have consistently construed [Rule 6(e)] . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted"); *see also Dennis* v. *United States*, 384 U.S. 855, 869-870 (1966). This is because grand jury proceedings are afforded a "presumption of regularity" that may be dispelled only by particularized proof of irregularities in the grand jury process. *United States* v. *Leung*, 40 F.3d 577, 581 (2d Cir. 1994). A review of grand jury minutes "should not be permitted without concrete allegations of Government misconduct." *Id*. at 582. The defendant has not made a particularized showing of any kind, nor are we aware of any basis to believe that grand jury material has been improperly disseminated or of any other irregularity. Accordingly, the Government will not be producing any materials or information related to grand jury proceedings at this time. In the event that certain grand jury minutes, such as those documenting the testimony of any witness(es), fall within *Giglio* v. *United States*, 405 U.S. 150 (1972), or the Jencks Act, the Government will produce those materials at the appropriate time.

The Government is unaware of any authority that entitles you to the information you seek regarding press releases and press conferences. Documents related to press releases or contacts with members of the media do not fall within Rule 16 and therefore are not discoverable. As a

2

courtesy, the Government produced the two diagrams used at its September 22, 2016 press conference regarding this case (SDNY-SCANNED_00015061 – SDNY-SCANNED_00015062), and we also note that the Government's press release regarding this case is publicly available.

To date, the Government has not provided reports, analyses, and/or documents to any state or local regulatory body or agency. The Office of the New York State Attorney General previously provided the Government with (1) a copy of a judicially authorized warrant to seize and search a cellphone belonging to Alain Kaloyeros (the "Kaloyeros Cellphone"), as well as the application and affidavit related to that warrant, and (2) the files extracted from the Kaloyeros Cellphone. The search warrant and related materials have been produced to you.

Finally, to the extent that the defendant would like to inspect, copy, test, or take photographs of any physical or electronic items, please let us know and we will make arrangements for you to do so.

**Request III – *Brady* and *Giglio* Material.** As has been stated previously, the Government recognizes its obligations under *Brady*, and its progeny. To date, the Government is unaware of any exculpatory evidence, as opposed to impeachment evidence, under *Brady*, *see United States* v. *Coppa*, 267 F.3d 132, 142 (2d Cir. 2001), but will provide timely disclosure if any such material comes to light. With respect to your particular requests under Section III.4(a)-(k), the existence or applicability of State procurement rules and/or Fort Schuyler Management Corporation ("FSMC") policies does not constitute exculpatory evidence.[1] Moreover, economic harm to FSMC suffered in connection with the defendant's alleged schemes is not an element of the crimes charged. To the extent that you have an alternative theory or wish to provide us additional grounds as to why such information would be exculpatory, please let us know. To date, the Government is not aware of any evidence tending to show that the defendant was not involved in the development of the Buffalo RFP and/or the Syracuse RFP. To the extent that you seek documents related to the development of the Buffalo RFP and/or the Syracuse RFP, the Government has previously produced all such documents in its possession, custody, and control, including, but not limited to, documents related to drafts of the Buffalo RFP and Syracuse RFP (*see* FS_SDNY088812 – FS_SDNY089325). Finally, your request as to whether the Buffalo RFP and/or the Syracuse RFP was "non-binding" is vague and ambiguous. If you would like to clarify your request, and the authority for it, we will consider it further.

With regard to the defendant's many requests for material that might fall within the rule set forth in *Giglio*, as you know, the uniform practice in this District, which the Government intends to follow, is that *Giglio* and Jencks Act materials are produced simultaneously, shortly before trial. This practice has been widely held to be sufficient to satisfy the requirement that

---

[1] Nevertheless, the Government has produced the SUNY Research Foundation Procurement Policy referenced in paragraph 76 of the Complaint (FS_SDNY062371 – FS_SDNY062375) and has requested additional related policies and procedures from the SUNY Research Foundation. Once the Government receives those documents, it will produce them. In the interim, please find attached to this letter documents that are publicly available on the SUNY Research Foundation's website relating to the SUNY Research Foundation's procurement policies and procedures (SDNY-SCANNED_00015063 – SDNY-SCANNED_00015083).

*Giglio* be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States* v. *Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Immediate disclosure of such material is not warranted simply because the defendant prefers it. *See, e.g.*, *United States* v. *Hernandez*, No. 09 Cr. 625 (HB), 2010 WL 26544, at *6 (S.D.N.Y. Jan. 6, 2010) (declining to order immediate disclosure of *Giglio* material, because the Government stated it would provide both *Giglio* and Jencks Act material "shortly before trial"); *United States* v. *Davis*, No. 06 Cr. 911 (LBS), 2009 WL 637164, at *14 (S.D.N.Y. March 11, 2009) ("The Second Circuit has held that a request for immediate or early disclosure [of *Giglio* material] has no basis in the law."). Following the usual practice in this District, the Government intends to begin producing *Giglio* and Jencks Act material no later than one week before trial. We also are amenable to discussing an alternative schedule for mutual pretrial disclosures. We also reiterate our request that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with such material relating to Government witnesses.

To the extent that the defendant is requesting that the Government produce items beyond its *Brady* v. *Maryland*, 373 U.S. 83 (1963), and Rule 16 obligations, the Government has no such obligation at this time. *See Weatherford* v. *Bursey*, 429 U.S. 545, 559 (1977). As you know, in all federal criminal cases, it is Rule 16 that principally governs pretrial discovery. Rule 16 is not "intended to provide the defendant with access to the entirety of the government's case against him." *See, e.g.*, *United States* v. *Percevault*, 490 F.2d 126, 130-31 (2d Cir. 1974). Nor does Rule 16 "entitle a criminal defendant to a broad and blind fishing expedition among items possessed by the Government on the chance that something impeaching might turn up." *United States* v. *Delacruz*, No. 14 Cr. 815 (KBF), 2015 WL 2211943, at *1 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted).

To the extent that the defendant is requesting an exhibit list or some other form of identification of items the Government intends to introduce in its case in chief at trial, please refer to the Government's response above regarding Request II.

**Request IV – Potentially Privileged Materials.** To the extent that the defendant is requesting privilege logs from third parties that produced documents in response to federal grand jury subpoenas issued in connection with this investigation, the Government addressed this inquiry in its letter dated March 16, 2017.

**Request V – Defendant's Prior Criminal Record.** The Government has produced the criminal record, if any, of which the Government is aware.

**Request VI – *Jencks* Material.** To the extent that the materials the defendant seeks may fall within the Jencks Act, the Jencks Act provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). In addition, Rule 16 exempts from production, prior to trial, the materials the defendant seeks: "[T]his rule does not authorize the

4

discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). In light of these provisions, requests for discovery of Jencks Act materials in advance of trial are uniformly denied in this District. Indeed, there is no legal basis to order the disclosure of statements of Government witnesses before their direct testimony at trial. *See United States ex rel. Lucas* v. *Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974); *United States* v. *Sebastian*, 497 F.2d 1267, 1268-69 (2d Cir. 1974); *Percevault*, 490 F.2d at 132.

As a matter of practice, the Government consistently produces Jencks Act material prior to the witness's testimony, and typically prior to trial. The Government's present intention is to do so in this case, by producing all or substantially all such statements, barring any special circumstances, such as issues with witness safety, no later than one week prior to trial, which will provide your client more than sufficient time to make effective use of the materials at trial. *See, e.g.*, *United States* v. *Ulbricht*, 14 Cr. 68 (KBF), Docket Entry No. 237, Order Denying Motion for New Trial, at 10 (S.D.N.Y. April 27, 2015) ("The plain meaning of [the Jencks Act] does not require production of 3500 material before trial. In practice, however, courts in this District require the Government to produce 3500 material at least the Friday prior to the commencement of trial and sometimes earlier."). We are also amenable to discussing an alternative schedule for pretrial deadlines and mutual disclosures and are happy to confer further on these issues.

**Request VII – Scientific Tests.** The Government is unaware of any scientific analyses or tests to which you are entitled that have not already been produced. We note again that electronic devices seized pursuant to search warrants that are in the Government's possession remain available for your inspection, photographing, and/or copying, upon request.

**Request VIII – Other Crimes Evidence.** As the defendant knows, the Government has no obligation at this time to provide notice of evidence of a crime, wrong, or other act that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b)(2). The Government need only provide "reasonable notice of the general notice of any such evidence" sometime "before trial." Fed. R. Evid. 404(b)(2)(A)-(B). This requirement does not obligate the Government to provide "unduly early notice" because "early disclosure presents a significant burden on preparation of the Government's case." *United States* v. *Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (internal quotation marks and alteration omitted). That is why "notice is typically provided no more than two to three weeks before trial." *United States* v. *Livoti*, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998). In cases in which there is an "'absence of any threat to the safety of prospective witnesses and the ... Rule 404(b) evidence [is important to] th[e] action,'" courts in this District have generally found that disclosures made approximately 30 to 45 days prior to trial constitute "reasonable notice" to defendants. *Giffen*, 379 F. Supp. 2d at 344 (quoting *United States* v. *Nachamie*, 91 F. Supp. 2d 565, 577 (S.D.N.Y. 2000)); *see, e.g., id.* (45 days); *Nachamie*, 91 F. Supp. 2d at 577 (30 days). The Government is aware of its disclosure obligation and will provide any notice under Federal of Evidence 404(b) at the appropriate time.

**Request IX – Suppression Issues.** As stated earlier, to the extent that the defendant is seeking the identification of items the Government intends to introduce in its case in chief at trial,

5

the Government is amenable to discussing a reasonable pretrial schedule for the reciprocal exchange of various materials, including exhibit lists. However, we are not in a position to do so now (nor are we required to do so prior to trial, *see United States* v. *Prince*, 618 F.3d 551, 562 (6th Cir. 2010)). To the extent that the defendant is seeking information regarding what evidence was obtained pursuant to a judicial order, that information has already been produced in discovery.

**Request X – Charts and Summaries.** The Government is not in a position at this time to advise the defendant as to whether the Government will seek to offer any chart, summary, or calculation into evidence at trial.

**Request XI – Electronically Stored Information.** The Government believes it has complied with the defendant's requests regarding Electronically Stored Information ("ESI"), but if the defendant is having difficulty viewing certain ESI, please let us know.

**Request XII – Grand Jury.** See above response to Request II.

## Conclusion

The Government remains available to confer further on any of the topics outlined above. The Government also requests that the defendant confirm whether he has, to date, met his respective reciprocal disclosure obligations under Rule 16(b), and renews its request for reciprocal disclosure from the defendant.

> Very truly yours,
>
> JOON H. KIM
> Acting United States Attorney
>
> By: __/s/ Robert Boone_____
>   Janis Echenberg/Robert Boone
>   David Zhou/Matthew Podolsky
>   Assistant United States Attorneys
>   (212) 637-2597/2208/2438/1947

cc: All Counsel of Record (by Email)