# EXHIBIT E

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2017

**BY EMAIL**

Michael C. Miller, Esq.
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, New York 10036

      **Re**:    *United States* **v.** *Percoco, et al.*, **16 Cr. 776 (VEC)**

Dear Mr. Miller:

We write in response to your letter of May 12, 2017, in which you renew or make additional requests regarding a bill of particulars in the above-captioned matter. As noted in our letter dated May 10, 2017 (the "May 10 Letter"), responding to your first request for a bill of particulars, the Government has provided extensive detail regarding its charges against your client in a lengthy and detailed complaint (16 Mag. 6005 (the "Complaint")) and superseding indictment (S1 16 Cr. 776 (VEC) (the "Superseding Indictment")), and in discovery, which was produced in searchable electronic form and accompanied by a detailed index.

In your May 12, 2017 letter, you, first, "reiterate [y]our request for the particulars described in our April 28, 2017 request," and, second, state that "a far more targeted disclosure is necessary." As to these requests or statements, we refer you to the responses contained in the May 10 Letter.

In your May 12, 2017 letter, you also "request that [the Government] identify the parties to, and timing and substance of, the e-mails and telephone calls with individuals located in Manhattan, New York that are alleged in Paragraph 26 of the Superseding Indictment." Particularly in light of the detail provided in the Superseding Indictment and in the discovery and related index produced by the Government, no further particulars are warranted in response to your request, which amounts to a request to preview the Government's evidence or trial strategy. *See, e.g.*, *United States* v. *Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." (quotations marks and citation omitted)); *United States* v. *Sindone*, No. 01 Cr. 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (a defendant may not "use a bill of particulars to preview the government's evidence or trial strategy, or to require the government to specify the minutiae of how it will prove the charges." (citations omitted)).

Nevertheless, in order to assist your preparation for trial, in response to your request, the Government refers you to the communications and records produced in discovery, including of

Todd Howe, Alain Kaloyeros, Whiteman Osterman & Hanna LLP, COR Development, SUNY, the SUNY Research Foundation, Fort Schuyler Management Corporation, Empire State Development Corporation, SUNY Polytechnic Institute, LPCiminelli, and the Office of the Governor of the State of New York, among others.  *See, e.g.*, Bates ranges DUPECOOP01-08, -20-21;    SDNY-SCANNED_000000001-627;    SDNY_000132947-133347;    SDNY_ SDNY_000298502-368073;    SDNY_000681135-709559;    SDNY_000712025-863079; SDNY_000863080-865692;    SDNY_001091231-1110744;    SDNY_001123932-1123933; SDNY_001134661-1145004;    SDNY_001157047-1168614;    SDNY_001203545-1203567; SDNY_001207203-1228904;    FS_SDNY000001-180719;    ESD-SDNY    0000001-103457; RFSUNY000001-513;                                    SUNY_Poly_AUSASubp00000001-709; SUNY_Poly_SDNY_1_00000001-50;    SUNYUSAO0000001-6437;    CIMINELLI0000001-47061; OGNYS-BB-00000001-28170.

The foregoing information is by no means an exhaustive identification of potential information or evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests.  By voluntarily providing this information as part of discovery, the Government is not limiting its evidence, arguments or legal theories at trial to what is set above.

Finally, we reiterate our statement during our meet-and-confer on May 16, 2017, that the Government's positions on your various *Brady*, discovery, and bill of particulars requests have been set forth in writing in this letter, the May 10 Letter, and our letter dated May 15, 2017.  If you would like to confer further regarding your requests or any of the information in this letter, please let us know.

Very truly yours,

JOON H. KIM
Acting United States Attorney


By: ____/s/_____
     Janis Echenberg/Robert Boone/
     David Zhou/Matthew Podolsky
     Assistant United States Attorneys
     (212) 637-2597/2208/2438/1947