UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                        :

UNITED STATES OF AMERICA         :

        v.                         :     Case No. 16-cr-00776 (VEC)

ALAIN KALOYEROS, et al.,          :

        Defendants.          :

------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALAIN KALOYEROS'
MOTION TO DISMISS COUNT ONE DUE TO DUPLICITY**

Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: May 19, 2017

Defendant Alain Kaloyeros ("Dr. Kaloyeros") respectfully submits this memorandum of law in support of his motion to dismiss Count 1 of the Indictment[1] due to duplicity. Count 1 is duplicitous because it alleges two separate conspiracies in a single count. The Court should therefore dismiss Count 1.

I.  **INTRODUCTION**

Count 1 of the Indictment purports to allege a single wire fraud conspiracy. But it joins two distinct alleged conspiracies involving separate parties and distinct facts in a single count, and is therefore duplicitous.

Specifically, Count 1 alleges a single wire fraud conspiracy, but relies on two distinct sets of conduct: (1) allegations that Dr. Kaloyeros, Howe, and Defendants Aiello and Gerardi (the "Syracuse Defendants") conspired to rig a request for proposal ("RFP") for Syracuse, New York; and (2) allegations that Dr. Kaloyeros, Todd Howe, and Defendants Ciminelli, Laipple, and Schuler (the "Buffalo Defendants") (collectively with the Syracuse Defendants, the "Developer Defendants") conspired to rig an RFP for Buffalo, New York.

Because Count 1 is duplicitous, the Government should be required to choose on which of these two conspiracies it intends to proceed.

II. **BACKGROUND**[2]

On September 22, 2016, the Government unsealed a complaint (the "Complaint") against Dr. Kaloyeros and his co-defendants. [Docket No. 1]. The Complaint alleges that Dr. Kaloyeros

---

[1]  References to the "Indictment" refer to the Superseding Indictment filed May 11, 2017, unless otherwise specified.

[2]  The facts recited herein are drawn from the Indictment. They are accepted as true solely for the purposes of this motion to dismiss.

2

and Howe conspired to rig two separate RFPs issued by Fort Schuyler Management Corporation ("FSMC")—one for work in Syracuse and another for work in Buffalo. Compl. ¶¶ 78–79. As detailed in Dr. Kaloyeros' Motion to Dismiss Under Federal Rule of Criminal Procedure 12, the Complaint alleges that Dr. Kaloyeros and Howe conspired with the Syracuse Defendants to rig the Syracuse RFP by inserting two provisions that would favor the developer run by the Syracuse Defendants. *Id.* ¶ 78. Similarly, the Complaint alleges that Dr. Kaloyeros and Howe worked with the Buffalo Defendants to rig the Buffalo RFP by inserting two terms—one of which was an error that was corrected as soon as it was discovered—that would favor the developer run by the Buffalo Defendants. *Id*. ¶ 79.

On November 22, 2016, the Government filed a 14-count indictment (the "Original Indictment"). [Docket No. 49]. On May 11, 2017, the Government filed a 15-count superseding indictment (the "Indictment"). [Docket No. 162]. The Indictment generally tracks the Complaint, but provides far less detail. It essentially alleges that: (1) Howe and Dr. Kaloyeros devised a plan to rig RFPs issued by FSMC in Syracuse and Buffalo (Ind. ¶ 23); and (2) Dr. Kaloyeros represented to FSMC that the bidding processes were "fair, open, and competitive" when the results were already predetermined (*id.* ¶ 25). Based on these allegations, Count 1 of the Indictment alleges that Dr. Kaloyeros, Howe, and the Developer Defendants conspired to defraud FSMC. *Id.* ¶¶ 37–39.

Significantly, the Indictment separates the substantive wire fraud charges based on the Syracuse and Buffalo RFPs. It charges the Syracuse RFP as a wire fraud in Count 2 solely against Dr. Kaloyeros and the Syracuse Defendants. *Id*. ¶¶ 40–41. Likewise, it charges the Buffalo RFP as a wire fraud in Count 4 solely against Dr. Kaloyeros and the Buffalo Defendants. *Id.* ¶¶ 44–45. Unlike the Original Indictment, which lumped together the Developer Defendants

3

for the purpose of describing the alleged conspiracy, *see* Orig. Ind. ¶ 24, the superseding Indictment delineates specific and separate conduct involving: (1) Dr. Kaloyeros, Howe and the Syracuse Defendants; and (2) separately, Dr. Kaloyeros, Howe, and the Buffalo Defendants. Ind. ¶ 24. It then adds a conclusory statement that Dr. Kaloyeros, Howe, and the Developer Defendants "collaborated in secretly tailoring the Syracuse and Buffalo RFPs by, among other things, exchanging through Howe ideas for potential qualifications to be included in the Syracuse and Buffalo RFPs." *Id.*

Neither the Complaint nor the Indictment allege that the Syracuse Defendants were aware of any effort to favor the Buffalo Defendants. Similarly, neither document alleges that the Buffalo Defendants were aware of any effort to favor the Syracuse Defendants.

### III. STANDARD

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (quotation and citation omitted).

In considering whether there are two or more distinct crimes in the conspiracy context, courts look to whether "there is mutual dependence among the participants, a common aim or purpose or a permissible inference from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture." *United States v. Williams*, 205 F.3d 23, 33 (2d Cir. 2000) (setting standard for determining multiple vs. single conspiracy) (quotation and citation omitted); *United States v. Ortega*, No. 00 CR. 432 DLC, 2000 WL 1577193, at *1 (S. D. N. Y. Oct. 23, 2000) (applying that standard in duplicity context). While "[e]ach member of the

4

conspiracy is not required to have conspired directly with every other member of the conspiracy," a member must have "participated in the alleged enterprise with a consciousness of its general nature and extent." *United States v. Ohle*, 678 F. Supp. 2d 215, 222 (S.D.N.Y. 2010).

In considering prejudice, courts aim to: (1) avoid the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another; (2) avoid the risk that the jurors may not have been unanimous as to any one of the crimes charged; (3) assure the defendant adequate notice; (4) provide the basis for appropriate sentencing, and (5) protect against double jeopardy in subsequent prosecutions. *Sturdivant*, 244 F.3d at 75.

While duplicity is generally an issue of fact for a jury, the Court may conclude that a count is duplicitous on its face and require the Government to elect the single theory on which it intends to proceed. *Id.* at 79; *United States v. Gordon*, 844 F.2d 1397, 1406–07 (9th Cir. 1988) (holding that trial court erred in failing to remedy duplicitous conspiracy count).

## IV. ARGUMENT

Here, Count 1 of the Indictment is duplicitous.

First, the Government does not allege any mutual dependence. The alleged rigging of the Syracuse RFP did not depend on the alleged rigging of the Buffalo RFP or vice versa, as the alleged rigging of each RFP turned on different terms. The only overlap between the two alleged bid rigging schemes is with respect to two of the alleged participants—Dr. Kaloyeros and Howe. There are no allegations that the Developer Defendants were aware of each other's participation in the purported scheme, or even that there was a broader scheme at work other than to rig their individual RFPs. *United States v. Hardy*, 762 F. Supp. 1403, 1409 (D. Haw. 1991) (finding duplicity where there was no indication "that the parties to the first criminal transaction

5

contemplated or even discussed with the parties to the second criminal transaction, any plans to carry out the second transaction"). The Indictment attempts to sweep this issue under the rug by alleging that the Developer Defendants "collaborated" to tailor the RFPs at issue by "exchanging through Howe ideas for potential qualifications to be included in the Syracuse and Buffalo RFPs." *See* Ind. ¶ 24. But all this reflects is that Howe was a conduit for both of the Developer Defendants; it does not allege a mutual dependence or awareness.

The lack of mutual dependence is confirmed by the Indictment's own separation of the Syracuse Defendants and the Buffalo Defendants in the substantive wire fraud counts and separate factual allegations supporting the conspiracy charge for each set of Developer Defendants. These decisions demonstrate the Government's own recognition that Count 1 alleges two separate conspiracies. *United States v. Munoz-Franco*, 986 F. Supp. 70, 71 (D.P.R. 1997) (finding two separate conspiracies where the conduct alleged was "neatly divided" by the Government's own indictment).

Second, the joining of these two conspiracies in a single count is highly prejudicial. It carries several substantial prejudicial risks, including that it could: (1) conceal a finding of guilty on one crime and not guilty on another, given that the Syracuse and Buffalo RFPs were allegedly tailored by the insertion of different terms; (2) lead jurors to convict on a non-unanimous basis, with some jurors convicting based on Syracuse-related conduct and some on Buffalo-related conduct; and (3) lead to issues at sentencing given likely Government arguments that the loss amount should be driven by both the Syracuse and Buffalo RFPs.

Under these circumstances, Count 1 is duplicitous. *See, e.g. Gordon*, 844 F.2d at 1401 (finding two conspiracies).

## V. CONCLUSION

For these reasons, the Court should Dismiss Count 1 of the Indictment.

Respectfully submitted,

/s/ Michael C. Miller
Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: May 19, 2017