# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                :

UNITED STATES OF AMERICA     :

                :

       v.            :

                :     Case No. 16-cr-00776 (VEC)

ALAIN KALOYEROS, et al.,    :

                :

     Defendants.      :

                :

-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALAIN KALOYEROS' MOTION TO DISMISS FOR LACK OF VENUE OR, ALTERNATIVELY, TRANSFER

Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: May 19, 2017

Defendant Alain Kaloyeros ("Dr. Kaloyeros") respectfully submits this memorandum of law in support of his motion to dismiss the Government's May 11, 2017 superseding indictment (the "Indictment" or "Ind.") for lack of venue. If the Indictment is not dismissed, the case should be transferred to the Western District of New York.

## I.     INTRODUCTION

On November 22, 2016, the Government filed a 14-count indictment (the "Original Indictment" or "Orig. Ind."). [Docket No. 49]. Dr. Kaloyeros was charged in Counts One, Two, and Four of the Original Indictment.

These Counts were premised entirely on activities in the Northern and Western Districts of New York as they relate to the award of preferred developer status, by an entity in Albany, to companies in Buffalo and Syracuse. Orig. Ind. ¶¶ 22–27. Notwithstanding this, each of the Counts in the Original Indictment in which Dr. Kaloyeros was charged contained a conclusory allegation that the conduct at issue occurred "in the Southern District of New York and elsewhere." Orig. Ind. ¶¶ 36, 39, 43. Outside of these conclusory allegations, the Original Indictment did not allege conduct involving Dr. Kaloyeros in the Southern District of New York. *See generally* Orig. Ind.

On February 7, 2017, Defendants Ciminelli, Laipple, and Schuler (the "Buffalo Defendants") filed a motion to dismiss for lack of venue or, alternatively, transfer the case to the Western District of New York. [Docket No. 91].

On May 11, 2017, the Government filed a 15-count superseding indictment. [Docket No. 162]. The Indictment largely tracks the Original Indictment. With respect to venue, it repeats the conclusory allegations of venue contained in the Original Indictments, *see* Ind. ¶¶ 38, 41, 45, but adds additional language apparently aimed at addressing the venue deficiency raised in the

Buffalo Defendants' motion to dismiss for lack of venue. Specifically, the Indictment alleges that Dr. Kaloyeros, Howe, and Defendants Aiello, Gerardi, Ciminelli, Laipple and Schuler, exchanged interstate e-mails and telephone calls with individuals located in Manhattan, New York, including "(i) the then-assistant secretary for economic development for New York State (the 'Assistant Secretary'), who worked part-time at the Governor's offices in Manhattan, New York; and (ii) Manhattan-based employees of the Empire State Development Corporation . . . ." Ind. ¶ 26.

Neither the Government's conclusory allegations nor the new allegation in the Indictment are sufficient to establish venue in the Southern District of New York. Dismissal of the Indictment is therefore warranted for lack of venue. If the Indictment is not dismissed, the case should be transferred to the Western District of New York.

## II.    STANDARD

We detail below the relevant standards for a motion to dismiss for lack of venue and for a motion to transfer.

### A.    Motion for Dismissal for Lack of Venue

The right to be tried in the venue in which the offense was allegedly committed is enshrined in both the Constitution and the Federal Rules of Criminal Procedure.

"Article III, § 2, cl. 3 [of the Constitution] instructs that 'Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed'; the Sixth Amendment calls for trial 'by an impartial jury of the State and district wherein the crime shall have been committed.'" *United States v. Cabrales*, 524 U.S. 1, 6 (1998). Similarly, Rule 18 of the Federal Rules of Criminal Procedure dictates that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Cr. P. 18.

"The burden is on the government to prove that the crime was committed in the district in which the prosecution is brought" and, "when a defendant is charged in more than one count, venue must be proper with respect to each count." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989) (citations omitted). At the pre-trial stage, the Government must show "that the indictment alleges facts sufficient to support venue" for each count. *United States v. Peterson*, 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005).

In this respect, the Supreme Court has recognized that a conclusory allegation of conduct in the venue is insufficient. *United States v. Cabrales*, 524 U.S. 1, 4 (1998) (affirming dismissal of counts in indictment on appeal despite boilerplate language, *see* Petition for Writ of Certiorari at app. 19a–20a, *Cabrales*, 524 U.S. 1, (No. 97-643) (purporting to establish venue). Moreover, in the case of mail or wire fraud, the use of mail or wires must be "part of the charged offenses" and not tangential to it. *United States v. Ramirez*, 420 F.3d 134, 143–45 (2d Cir. 2005).

B.      Motion for Transfer

Under Federal Rule of Criminal Procedure 21(b), this Court has the discretion to transfer the proceeding, or one or more counts, to another district in the interests of justice. *United States v. Templin*, 251 F. Supp. 2d 1223, 1224 (S.D.N.Y. 2003). In making this determination, the Court considers: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be at issue; (4) the location of relevant documents; (5) the potential for disruption of the defendant's business if transfer is denied; (6) expenses to be incurred by the parties if transfer is denied; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) docket conditions in each district; and (10) any other special circumstances that might bear on the desirability of transfer. *Id.* at 1225.

III.    **ARGUMENT**

Here, the Indictment must be dismissed for lack of venue.

First, the Indictment's conclusory allegations of conduct in the Southern District are insufficient. Permitting the Government to proceed on the boilerplate allegations it has offered would render meaningless the Constitutional and statutory mandate that a defendant is entitled to be tried in the District in which the offense was committed. This is because the Government could make the same conclusory allegation it has advanced here in nearly any case.

Second, the Indictment's allegation that Dr. Kaloyeros and others exchanged interstate e-mails and telephone calls with Governor Cuomo's Assistant Secretary and employees of the Empire State Development Corporation ("ESDC") also falls short. The alleged fraudulent scheme here was to rig a bid and neither the Governor's Assistant Secretary nor ESDC employees are alleged to have any involvement in the RFP process. Moreover, the Indictment's vague language does not indicate whether any of the communications at issue took place while those employees were actually in the Southern District. Thus, these alleged wires are not "part of the charged offense" and are too tangential to support venue in the Southern District of New York. *Ramirez,* 420 F.3d at 144.

If the Indictment is not dismissed for lack of venue, the case against Dr. Kaloyeros should be transferred to the Western District of New York. Transfer to the Western District of New York would be in the interests of justice for the reasons stated in the Motion to Transfer filed by Defendants Ciminelli, Laipple, and Schuler. [Docket No. 91].

## IV.    CONCLUSION

For these reasons, the Indictment should be dismissed for lack of venue.  If it is not dismissed, the case against Dr. Kaloyeros should be transferred to the Western District of New York.

Respectfully submitted,

/s/ Michael C. Miller
Michael C. Miller
Jeffrey A. Novack
Katherine M. Dubyak
David B. Hirsch
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Counsel for Alain Kaloyeros*

Dated: May 19, 2017