

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 24, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Alain Kaloyeros, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government respectfully writes to request a one- or two-week adjournment of the trial currently scheduled to begin on June 11, 2018. As set forth in more detail below, it has recently come to the Government's attention that a document highly relevant to the charges at issue in the upcoming trial and responsive to grand jury subpoenas previously issued to LPCiminelli was never produced to the Government.

      To ensure that LPCiminelli produces responsive and relevant documents, the Government has requested that LPCiminelli make additional productions to the Government. LPCiminelli has estimated that the production, which will likely include approximately 1500 documents, can be completed by the beginning of next week, at which time the Government will immediately produce the documents to all defendants. In order to ensure that the Government and defendants have sufficient time to review and make use of any additional relevant documents at trial, the Government seeks a short adjournment. Counsel for Joseph Gerardi and for Michael Laipple have informed the Government that they have no objection to the requested adjournment. Counsel for Alain Kaloyeros and for Steven Aiello have informed the Government that they object to any adjournment. Counsel for Louis Ciminelli has informed the Government that he objects to an adjournment because he is scheduled to begin trial in front of Judge Hellerstein on July 30, 2018.

*   *   *

      During the course of its investigation, the Government served LPCiminelli with two grand jury subpoenas *duces tucem* dated June 26, 2015 and October 7, 2016 (collectively, the "Subpoenas"). The Subpoenas required, among other things, the production of "any and all records in [LPCiminelli's] custody or control related to: . . . [a]ny application(s) to . . . Fort Schuyler Management Corporation and/or SUNY College of Nanoscale Science and Engineering, related to the revitalization program known as the 'Buffalo Billion,' . . . [i]nternal correspondence related to the application for and/or receipt of funding." Furthermore, the grand jury subpoena dated June 26, 2015 required the production of "[a]ny and all documents, including correspondence, related to (i) a requirement that those responding to the Buffalo Billion project request for proposal ["RFP"] issued in or around October 2013 have at least 50 years of relevant

experience and (ii) a later revision requiring only 15 years of experience." The Subpoenas made clear that the requested records "should include documents, files, and physical items, in any format, including electronic."

Recently, during the course of meetings with Kevin Schuler, who has since pled guilty pursuant to a cooperation agreement with the Government, the Government became aware of the existence of an email exchange and attachment (collectively, the "RFP Notes Email") involving Kevin Schuler and another LPCiminelli employee dated September 5, 2013, approximately six weeks before the public issuance of the Buffalo Preferred Developer RFP at issue in the upcoming trial. The RFP Notes Email is attached hereto as Exhibit A.

The RFP Notes Email reflects an exchange between Schuler and the other LPCiminelli employee in which that employee provides Schuler with sample RFPs. The email also contains an attachment reflecting a scan of handwritten notes dated September 5, 2013, reflecting, among other things, the following statements: "Pull RFP" and "Unique to LPC." The attachment contains additional handwritten notes similar to bullet points contained in other emails between Schuler and Michael Laipple, and between Laipple and lobbyist Todd Howe regarding input for the Buffalo Preferred Developer RFP. For instance, the handwritten notes reflect "Qualitative not Quantitative," which mirrors a line from Laipple's August 14, 2013 email to Howe that "RFP Requirement – Selecting based on qualifications not price is important." The handwritten notes also appear to contain a list of potential qualifications or categories of qualifications for inclusion in an RFP, such as "Delivery in Bflo for over 10 yrs," and "3 projects in last 5 yrs, in WNY." In other words, the handwritten notes appear to reflect a conversation regarding ideas for the Buffalo Preferred Developer RFP, including the concept, "Unique to LPC." Although the RFP Notes Email is clearly responsive to the Subpoenas, it was never produced to the Government by LPCiminelli.

On May 18, 2018, a few hours after Schuler's plea hearing, the Government wrote to counsel for LPCiminelli, identifying the RFP Notes Email and requesting an explanation for its absence from LPCiminelli's productions. On May 21, 2018, counsel for LPCiminelli[1] responded by email to indicate that the RFP Notes Email was identified in the course of LPCiminelli's review but was erroneously marked non-responsive by a reviewer and therefore not produced. On May 22, 2018, counsel for LPCiminelli provided a further response by letter explaining that the RFP Notes Email was indeed identified by search terms employed to locate documents responsive to the Subpoenas, but was marked non-responsive by a reviewer and was not produced. Specifically, according to counsel's letter, the RFP Notes Email was identified by the search term "Howe," because the email and its attachment were saved in an email folder that contained the name "Howe." The reviewer failed to identify the document as responsive even though it concerned RFPs in the fall of 2013 and the Subpoenas called for the production of documents related to the "request for proposal issued in or around October 2013."

In view of LPCiminelli's failure to produce the RFP Notes Email, and in order to ensure that the Government has obtained all documents responsive to its Subpoenas and that the parties obtain documents relevant to the upcoming trial, on May 22, 2018, the Government requested that

---

[1] Counsel for LPCiminelli, Daniel Oliverio, Esq. of Hodgson Russ LLP, also represents defendant Louis Ciminelli in his personal capacity in this case.

LPCiminelli run nine search terms against the files of five relevant custodians over a narrow time frame and produce the full results, other than documents previously produced, simultaneously to all parties. Specifically, the Government requested that LPCiminelli identify and produce all documents not previously produced of Louis Ciminelli, Michael Laipple, Kevin Schuler, and two other LPCiminelli employees from April 1, 2013 through March 1, 2014 that contain at least one of the following search terms: "Howe," "Kaloyeros," "Nano," "CNSE," "Conventus," "RFP," "RFQ," "Fort Schuyler," and "FSMC."

Counsel for LPCiminelli has indicated that the production described above will include approximately 1500 new documents, and that the production can be completed by the beginning of next week.[2] The Government will immediately produce the documents to the defendants.[3]

Accordingly, the Government respectfully requests an adjournment of one or two weeks to permit LPCiminelli to produce responsive documents and for the parties to review those documents. As noted above, counsel for Gerardi and for Laipple do not object to the requested adjournment. Counsel for Kaloyeros and for Aiello have informed the Government that they object to any adjournment. Counsel for Ciminelli objects due to a potential scheduling conflict.[4] In addition, the Government requests that the period of any adjournment be excluded from Speedy Trial Act calculation for the reasons set forth above and in order to permit effective preparation for trial.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


By: _/s/_____
     Robert Boone
     David Zhou
     Matthew Podolsky
     Assistant United States Attorneys
     (212) 637-2208/2438/1947


cc: Counsel for all defendants (via ECF)

---

[2] The 1500-document estimate was for four of the five custodians requested. Counsel for LPCiminelli indicated that the mailbox for the fifth custodian's documents is still being secured.

[3] Counsel for LPCiminelli has declined to make production directly to the defendants.

[4] Based on its preparation for trial, the Government now believes that its case-in-chief will last approximately two to three weeks, and therefore the trial is not likely to last four to six weeks, as originally estimated.