UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                    :
UNITED STATES OF AMERICA,
                                                                    :
           - v. -
                                                                    :
ALAIN KALOYEROS,
STEVEN AIELLO,                                                      :      S2 16 Cr. 776 (VEC)
JOSEPH GERARDI, and
LOUIS CIMINELLI                                                     :

                          Defendants.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**THE GOVERNMENT'S MOTION TO QUASH DEFENDANT ALAIN KALOYEROS'S
RULE 17 SUBPOENA TO THE METROPOLITAN CORRECTIONAL CENTER**


                                           GEOFFREY S. BERMAN
                                           United States Attorney for the
                                           Southern District of New York
                                           One St. Andrew's Plaza
                                           New York, New York 10007


Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
       -Of Counsel-

**PRELIMINARY STATEMENT**

On May 17, 2018, defendant Alain Kaloyeros served a subpoena dated May 4, 2018 (the "Subpoena," attached as Exhibit A), which was issued pursuant to Federal Rule of Criminal Procedure 17 ("Rule 17"), on the Metropolitan Correctional Center ("MCC"). The Subpoena purports to require the MCC to produce the following materials related to Todd Howe, a Government cooperator who is currently in custody for violating the terms of his bail conditions (the "Requested Materials"):

1. All Documents and Correspondence reflecting any visitations made to inmate Todd Ransom Howe (Register Number 78871-054) while Mr. Howe has been incarcerated at Your facilities.

2. All Documents and Correspondence memorializing any monitored or recorded telephone conversations, emails, or other correspondence of Mr. Howe while he has been incarcerated at Your facilities.

3. All Documents and Correspondence reflecting any statements or actions made by Mr. Howe while Mr. Howe has been incarcerated at Your facilities.

For the reasons set forth below, the Government, joined by the MCC, moves to quash the Subpoena because the Subpoena does not – as the rules require – seek relevant, admissible evidence. As the defendants know, the Government will not be calling Todd Howe at the upcoming trial. Therefore, none of the materials sought by the Subpoena is relevant or admissible. In any event, the Subpoena represents a fishing expedition for inadmissible, collateral impeachment material that is expressly forbidden by the governing rules and applicable case law. Accordingly, the Court should quash the Subpoena.

## BACKGROUND

Alain Kaloyeros, Steven Aiello, Joseph Gerardi, and Louis Cimienlli are charged in a second superseding indictment, S2 16 Cr. 776 (VEC), with wire fraud, wire fraud conspiracy, and false statements offenses. Trial is scheduled to begin on June 18, 2018.

On or about May 17, 2018, counsel for defendant Kaloyeros served the Subpoena on the MCC. The Subpoena requires the production of the Requested Materials. (*See* Ex. A, at 6-7). The Subpoena broadly defines the term "Correspondence" as "any transmittal of information . . . including but not limited to oral, written, electronic or otherwise, and all documents reflecting such communication." Furthermore, the "Definitions" section of the Subpoena expressly instructs that the term "Document" should be read to "have the *broadest reasonable meaning*" that encompasses a non-exclusive laundry list of media. (*See id.* at 4.) The Subpoena has a return date of June 11, 2018.

Upon receiving the Subpoena on May 17, 2018, the MCC contacted the United States Attorney's Office for the Southern District of New York (the "Government") and provided the Government with a copy of the Subpoena. Kaloyeros's counsel had previously informed the Government that he intended to serve the Subpoena on the MCC, and the Government had responded on May 17, 2018 that it intended to move, in conjunction with the MCC, to quash the Subpoena. Subsequently, on May 18, 2018, the Government produced to all defense counsel a draft witness list that did not include Howe as a potential witness. At a pretrial conference on May 29, 2018, the Government stated on the record that it does not presently intend to call Howe as a witness at trial.[1]

---

[1] Counsel for Kaloyeros confirmed on June 6, 2018 that they still wish to enforce the subpoena.

The Government now moves that the Subpoena be quashed because, as described below, (1) the defense is using the Subpoena to engage in an impermissible fishing expedition; and (2) the Subpoena improperly seeks the production of impeachment material prior to trial. The MCC joins in the Government's motion.

## ARGUMENT

### A RULE 17 SUBPOENA IS NOT A DISCOVERY TOOL; BECAUSE THE DEFENDANT HAS FAILED TO SHOW THAT THE MATERIAL SOUGHT IS RELEVANT OR ADMISSIBLE, THE SUBPOENA SHOULD BE QUASHED

Discovery in criminal cases is governed by Rule 16, and is not to be conducted through the issuance of subpoenas pursuant to Rule 17. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951). Courts have uniformly held that Rule 17 is not a discovery device to be used in criminal cases as a supplement to Rule 16. *See, e.g., Bowman*, 341 U.S. at 220; *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991); *United States v. Cuthbertson*, 630 F.2d 139, 144, 146 (3d Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir.), *cert. denied*, 369 U.S. 828 (1962); *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985). As the Supreme Court has explained, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman*, 341 U.S. at 220. "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule 16]." *Cherry*, 876 F. Supp. at 552 (quoting *Cuthbertson*, 630 F.2d at 146).

As a result, a party seeking production of documents under Rule 17(c) must show that the materials sought are (1) relevant, (2) admissible, and (3) specifically identified. *See United States*

*v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Brown*, 95 CR. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995) (defendant issuing subpoena "has burden of specifically identifying the materials sought and showing that they are relevant and admissible."). In *United States v. Nixon*, the Supreme Court made clear that Rule 17(c) subpoenas may not be used to conduct a "general fishing expedition." 418 U.S. at 700 (internal quotation marks omitted). Rather, Rule 17(c) permits a defendant to subpoena only those documents or materials that have evidentiary value. *Bowman*, 341 U.S. at 221; *see also United States v. Barnes*, 560 F. App'x 36, 39 (2d Cir. 2014) ("Rule 17 subpoenas are properly used to obtain admissible evidence, not as a substitute for discovery.").

In addition, courts have repeatedly held that a Rule 17(c) subpoena should not be used to obtain impeachment material prior to trial. *See, e.g., Nixon*, 418 U.S. at 701 ("[g]enerally the need for evidence to impeach witnesses is insufficient to require its production in advance of trial") (citations omitted); *United States v. Nektalov*, 03 CR. 828 (PKL), 2004 WL 1574721, at *2 (S.D.N.Y July 14, 2004); *United States v. Jasper*, 00 CR. 825 (PKL), 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003); *United States v. Coriaty*, 99 Cr.1251 (DAB), 2000 WL 1099920, at *7 (S.D.N.Y. Aug. 7, 2000); *Cherry*, 876 F. Supp. at 552 (citing *United States v. Hughes*, 895 F.2d 1135, 1145-46 (6th Cir. 1990)); *United States v. Iozia,* 13 F.R.D. 335, 340 (S.D.N.Y. 1952) (Rule 17(c) cannot be used "to require in advance of trial, and in preparation for trial, a disclosure to the defendant of information which may tend to impeach persons the Government may or may not call as witnesses").

Here, the defendant seeks pretrial production of material falling into four categories regarding Howe: (1) his visitor records; (2) his emails; (3) his recorded telephone calls; and (4) "any statements or actions made by Mr. Howe while Mr. Howe has been incarcerated at" the MCC.

(*See* Ex. A, at 6-7.)  Such requests are clearly a fishing expedition for inadmissible collateral impeachment material that is not permitted by Rule 17(c).

As an initial matter, the Government has already determined that Howe will not be called as a witness in the upcoming trial.  Consequently, the materials sought by the Subpoena are wholly irrelevant.

In any event, even if Howe were to be called at trial, the Subpoena fails each prong of *Nixon*: none of the materials requested in the Subpoena is relevant, admissible, or specific.  *First,* in his request for visitation records, Kaloyeros does not seek records related to any particular individuals, but instead demands records "reflecting *any* visitation made to" Howe.  (*See* Ex. A, at 6 (emphasis added).)  This broad request, which lacks any specificity, would sweep in records that are neither relevant nor admissible.  For example, the request would cover records related to any visits Howe has had with family members and friends, which plainly are not relevant or admissible.  *Second*, the same problems are clear in Kaloyeros's requests for emails and telephone calls, along with "*[a]ll* Documents and Correspondence reflecting *any* statements or actions made by" Howe.  (*See id.* at 7 (emphases added).)  The Subpoena makes no effort to identify the kind of information Kaloyeros seeks from these sources, and it thus cannot, and does not, explain either the relevance or admissibility of the requested documents.  To the contrary, Kaloyeros expressly included an extremely broad catch-all request for "Documents" and "Correspondence" (which are each defined in the broadest possible way) reflecting "any statements or actions" of Howe.  "The fact that the subpoena is crafted to encompass such a broad swath of items indicates that the subpoena was intended as a discovery device rather than as a mechanism for obtaining specific admissible evidence."  *United States v. Barnes*, No. 04 Cr. 186

(SCR), 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008), *aff'd*, 560 F. App'x 36, 39 (2d Cir. 2014).

Courts have repeatedly rejected similarly broad document requests contained in Rule 17 subpoenas. *See, e.g.*, *United States v. Pena*, No. 15 Cr. 551 (AJN), 2016 WL 8735699, at *3 (S.D.N.Y. Feb. 12, 2016) ("[C]ourts in this Circuit routinely reject pretrial subpoenas seeking all recordings, documents, and/or records from imprisoned cooperators for want of specificity."); *United States v. Leonard*, 817 F. Supp. 286, 295 (E.D.N.Y. 1992) (subpoena seeking "virtually every DEA document relating to [defendant]" is a "clear[] example" of lack of specificity); *United States v. Louis*, 04 Cr. 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005); *Jasper*, 2003 WL 1107526, at *3 ("The defendant has failed to meet the requirements of a Rule 17(c) subpoena since the documents requested are not specifically identified and the defendant has failed to show that all of the documents requested would be relevant."); *United States v. Nachamie*, 91 F. Supp. 2d 552, 564 (S.D.N.Y. 2000) ("the language 'All correspondence and other documents, including but not limited to documents reflecting, discussing, or relating' is overbroad and smacks of a fishing expedition."); *Brown*, 1995 WL 387698, at *10; *United States v. Elife*, 43 F.R.D. 23, 25 (S.D.N.Y. 1967) (subpoena improper where not directed at "specific documents"). Indeed, "[s]ubpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (citing *United States v. Louis*, No. 04 Cr. 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005)). To the extent that Kaloyeros is fishing for material to be used for impeachment, such a tactic is an improper use of a Rule 17 subpoena. *See Nixon*, 418 U.S. at 699-700; *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) (finding that if a movant "cannot reasonably specify the

information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused").

Notably, courts have quashed similar Rule 17(c) subpoenas directed to the MCC and the Metropolitan Detention Center in Brooklyn.  *See, e.g.*, *United States v. DiPietro*, No. S502 CR.1237 (SWK), 2005 WL 1279222, *1 (S.D.N.Y. May 26, 2005) (quashing a subpoena seeking from the MDC and MCC all telephone calls and visitor records of certain incarcerated witnesses, holding that such material "go[es] far beyond the bounds of permissible discovery in a criminal case."); *United States v. Hutchinson*, No. 97 CR 1146, 1998 WL 1029228, at *2 (E.D.N.Y. Dec. 23, 1998) (quashing a subpoena directed to the MDC requesting all telephone calls of a Government witness because "the defendant [could not] 'reasonably specify the information contained or believed to be contained' in the tape recorded conversations of the potential witness . . . . '[T]his is a sure sign that the subpoena is being misused.'" (quoting *Noriega*, 764 F.Supp. at 1493)).[2]

In sum, Kaloyeros may not serve a subpoena in order to circumvent the discovery rules in the mere hope that it might uncover tangential impeachment evidence against someone who will not be a witness at trial.  *See Nixon*, 418 U.S. at 699-700; *Cuthbertson*, 630 F.2d at 146 ("broad request" for documents "based solely on th[e] 'mere hope' that some exculpatory material might turn up" does not justify enforcement of Rule 17(c) subpoena); *United States v. Purin*, 486 F.2d

---

[2]  Furthermore, complying with the Subpoena would be unduly burdensome at this stage in the proceedings.  Rule 17(c)(2) provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."  Here, the Subpoena requests the production of all telephone calls and emails by Howe since his incarceration approximately four months ago.  The Government does not have this material in its possession, and has not reviewed this material.  In light of the nature of the defendants' request, and the fact that trial in this case is scheduled to begin on June 18, 2018, compliance with the Subpoena would be unreasonable and oppressive. *See, e.g., Hutchinson*, 1998 WL 1029228, at *2.

1363, 1368 (2d Cir. 1973), *cert. denied*, 416 U.S. 987 (1974); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962).   Accordingly, the Subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that the Court should quash the Subpoena.

Dated: New York, New York
       June 6, 2018

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney
                                      Southern District of New York

By:      /s/
                                      Robert Boone
                                      David Zhou
                                      Matthew Podolsky
                                      Assistant United States Attorneys
                                      (212) 637-2208/2438/1947