# **EXHIBIT A**



# Steptoe
STEPTOE & JOHNSON LLP

| BEIJING, CHINA<br>FACSIMILE: 011 86 10 5969 6099<br>MAIN NUMBER: 011 86 10 5834 1000 | 1114 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10036-7703<br>FACSIMILE: 212 506 3950<br>VERIFICATION: 212 506 3900<br>MAIN NUMBER: 212 506 3900<br>www.steptoe.com | LOS ANGELES, CALIFORNIA<br>FACSIMILE 213 439 9599<br>VERIFICATION: 213 439 9400 |
| --- | --- | --- |
| BRUSSELS, BELGIUM<br>FACSIMILE: 011 322 626 0510<br>VERIFICATION: 011 322 626 0500 | | SAN FRANCISCO, CALIFORNIA<br>FACSIMILE: 415 365 6699<br>VERIFICATION: 415 365 6700 |
| CHICAGO, ILLINOIS<br>FACSIMILE 312 577 1370<br>VERIFICATION: 312 577 1300 | | PHOENIX, ARIZONA<br>FACSIMILE: 602 257 5299<br>VERIFICATION: 602 257 5287 |
| LONDON, ENGLAND<br>FACSIMILE: 011 44 207 367 8001<br>VERIFICATION: 011 44 207 367 8000 | | WASHINGTON, DC<br>FACSIMILE: 202 429 3902<br>VERIFICATION: 202 429 3000 |

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the above address.

## DELIVER TO:

NAME: Mr. Adam Johnson       TELECOPY PHONE NUMBER: 646-836-7665

COMPANY: Metropolitan Correctional Center    VERIFICATION NUMBER:

TOTAL PAGES & COVER SHEET: 10    DATE TRANSMITTED: 5/17/2018

S&J OPERATOR'S NAME:     TELEPHONE NUMBER: 212-506-3955

## FROM:

NAME: Michael C. Miller

| REQUEST MADE ON | DATE: 5/17/18 | TIME: 3:48 PM |
| --- | --- | --- |
| COMPLETION REQUIRED BY | DATE: 5/17/18 | TIME: ASAP |

## SPECIAL INSTRUCTIONS:

Michael C. Miller
212 506 3955
mmiller@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



**Steptoe**
STEPTOE & JOHNSON LLP

May 17, 2018

<u>Via Facsimile Transmission</u>

Mr. Adam Johnson
Legal Officer
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

Re:   *United States v. Percoco, et al.*, 16 cr 776 (VEC) (S.D.N.Y.)

Dear Mr. Johnson,

    We represent Defendant Alain Kaloyeros in the above-referenced matter. We write to serve you with the enclosed subpoena pursuant to Federal Rule of Criminal Procedure 17 in this matter. We received your contact information from Robert Boone, an Assistant United States Attorney for the Southern District of New York, who suggested that you could assist us with this request. Because attempts to reach you by telephone have been unsuccessful, we are faxing the subpoena to the MCC Legal Department at (646) 836-7665.

    Please let us know whether you accept service of the subpoena and whether you intend to respond, or forward it to Mr. Boone for his review.

    We are pleased to discuss further at your convenience.

Sincerely,

*[signature]*

Michael C. Miller
*Counsel for Alain Kaloyeros*

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

United States of America )
v. )
) Case No. S 16 cr 776 (VEC)
Joseph Percoco, et al. )
_Defendant_ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Adam Johnson, Legal Officer, Metropolitan Correctional Center
150 Park Row, New York, NY 10007

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:
See attached request. Appearance not required if materials are produced prior to specified date to Michael Miller at his office address (below), with a completed business record declaration (attached). Please contact him with any questions.

| Place: Thurgood Marshall Courthouse<br>40 Foley Square, Courtroom 110<br>New York, NY 10007 | Date and Time: 06/11/2018 10:00 a.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: MAY 0 4 2018

RUBY J. KRAJICK
CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Defendant Alain Kaloyeros**
_____, who requests this subpoena, are:
Michael C. Miller, Steptoe & Johnson LLP, 1114 Avenue of the Americas, 35th Floor, New York, NY 10036
mmiller@steptoe.com  (212) 506-3955

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

## DEFINITIONS

The following definitions shall apply to each of the requests set forth below:

A. "Communication" and "Correspondence" mean any transmittal of information, by and to whomever made and by any means whatsoever, including but not limited to oral, written, electronic or otherwise, and all documents reflecting such communication.

B. The terms "concern," "concerning," "evidencing," "relating to," "relate," "relates to," "related to," "referring or relating to," "referring to," "regarding," "comprising," "comprise," and "refer or relate to" mean, in whole or in part, alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon the subject at issue.

C. "Document" or "Documents" shall have the broadest reasonable meaning and includes, but is not limited to, writings, drawings, printed material, facsimiles, graphs, maps, charts, drafts, photographs, phonorecords or other sound recordings, microfilm or microfiche, computer data, electronic mail and other data compilations of whatever kind from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

D. "Including" shall be construed to mean including, but not limited to and shall be construed as a term of inclusion, not exclusion.

E. "You" or "Your" refers to Metropolitan Correctional Center, New York, operated by the Department of Justice, Federal Bureau of Prisons.

1

## INSTRUCTIONS

A. You shall produce all Documents requested that are in Your possession, custody or control, or that You have the legal right or practical ability to obtain, whether located at Your offices, at the offices of any agents, successors or assigns, accountants, attorneys, assistants, bankers, affiliates or others, or at any other place, including in any remote or online storage (including, for example, in a Web-based or other online Document storage system, contact storage or management system, calendar system or email account).

B. Documents shall be produced in a manner that reasonably indicates which particular documents are being produced in response to specific requests, or in the manner they are kept in the ordinary course of business.

C. If You maintain that any Document or record responsive to these Requests has been destroyed or is no longer in Your possession, custody or control, state whether it: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has been disposed of in some other manner. In addition, where possible, set forth: (i) the content of said Documents; (ii) the location of any copies of said Document; (iii) the date of such destruction; and (iv) the name of any person(s) who ordered, authorized or participated in such destruction.

D. If there are no Documents or things responsive to a particular request, You shall so state in writing in Your response.

E. Each Document request shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

F. Each request herein contemplates production of the entire matter without abbreviation, expurgation or modification.

2

G. Without limiting any of the Definitions herein, reference to any entity other than a natural person includes the entity; each of its predecessors and successors; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under or subject to the entity's direction or control.

H. Unless the text clearly requires otherwise:

   a. The singular form of a word includes the plural and vice versa;
   b. The conjunctive "and" includes the conjunctive "or" and vice versa;
   c. All pronouns apply to the male, female and neutral genders;
   d. The word "any" includes the word "all" and vice versa; and
   e. The past tense of a word includes the present tense, and vice versa.

I. These are continuing requests for the production of Documents and things. If, after making Your initial production, You or Your attorneys, agents or representatives, obtain or become aware of any further Documents or things responsive to these Requests, You are requested to promptly produce such additional Documents or things.

## DOCUMENT REQUESTS

1. All Documents and Correspondence reflecting any visitations made to inmate Todd Ransom Howe (Register Number 78871-054) while Mr. Howe has been incarcerated at Your facilities.

2. All Documents and Correspondence memorializing any monitored or recorded telephone conversations, emails, or other correspondence of Mr. Howe while he has been incarcerated at Your facilities.

3

3.  All Documents and Correspondence reflecting any statements or actions made by Mr. Howe while Mr. Howe has been incarcerated at Your facilities.

4

## Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
                       (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a subpoena dated _____, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby declare that the records provided herewith and in response to the subpoena:

    (1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;
    (2) were kept in the course of regularly conducted business activity; and
    (3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
                (date)

                                      _____
                                                (signature of declarant)

                                        _____
                                           (name and title of declarant)

                                        _____
                                                    (name of business)

                                        _____
                                                  (business address)

                                        _____

                                        _____

<u>Definitions of terms used above:</u>
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. S 16 cr 776 (VEC)

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) In the United States. A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) In a Foreign Country. If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).